101

JOHN K. SEARS AND OTHERS, RESPONDENTS. *v.* FRANCIS A. WATERS, APPELLANT.

*Trustees of manufacturing corporations — liability of such trustees under the laws of 1848, chap. 40, sec. 12 — it is the same whether the debt is contracted and whether the creditors reside within or without the State of New York.*

Section 12 of chapter 40 of 1848, providing that upon the failure of the trustees of a corporation created thereunder to file the annual report, therein referred to, within the time therein specified, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made, makes no distinction as to the place where such debts shall have been contracted, nor does it distinguish between creditors residing in this or in other States.

APPEAL from an order and a judgment sustaining the plaintiffs' demurrer to the answer.

*Cornelius A. Runkle,* for the appellant.

*Charles H. Fuller.* for the respondents.

LAWRENCE, J.:

This action is brought against the defendant as trustee of the United States Albumen Manufacturing Company, it being alleged that said company was a domestic corporation, duly organized under the act for the formation of corporations for manufacturing, mining, etc., purposes, passed February 17, 1848, and the acts amending and supplementary to the same, and that between July 7, 1883, and November 3, 1883, at Hyannis, Massachusetts, the plaintiff sold and delivered to said company, at its request, goods and merchandise at the price of, and for which said company promised and agreed to pay to said plaintiffs, the sum of $763.70. It is alleged that a balance of $584.64 is due to the plaintiffs, and that the said goods were sold and the said indebtedness contracted after the time provided by statute for making and filing and publishing the annual report, and before said report was made, filed and published. It is further averred that said company did not, within twenty days from the 1st of January, 1883, make and publish, as required by law, the report required by law, but has wholly failed so to do. To this complaint an answer was interposed averring,

among other things, upon information and belief, that none of the goods referred to in the complaint were ever sold or delivered to said company in this State, and that no cause of action ever arose therefor in this State.

This action is brought under section 12 of the act of 1848, chapter 40, relating to the formation of corporations for manfacturing, etc., purposes, as amended by Laws of 1875 (chap. 510). That section, among other things, provides that upon the failure to file the annual report therein referred to, within the time therein specified, all the trustees of the company shall be jointly and severally liable *for all the debts of the company then existing, and for all that shall be contracted before such report shall be made.* The statute makes no distinction as to the place where such debts shall have been contracted, nor does it distinguish between creditors residing in this or in other States.

We are, therefore, of the opinion that the decision at the Special Term, sustaining the demurrer to the answer, was correct, and that the same should be affirmed, with costs.

VAN BRUNT, P. J., and POTTER, J., concurred.

Judgment and order affirmed, with costs.